IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE LONG, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 06-1188<br>) |
| VETERANS ADMINISTRATION, et al., Defendants. | )<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                         April 23, 2007

       Plaintiff, acting pro se, has filed a civil complaint alleging an insurance coverage dispute. For the reasons set forth below, in accordance with Fed.R.Civ.P. 41(b), the complaint against the Veterans Administration will be dismissed for plaintiff's failure to prosecute.

I.   BACKGROUND

       On December 12, 2006, the court ordered plaintiff to respond to the Veterans Administration's Motion to Dismiss on or before January 19, 2007. Plaintiff failed to respond.

On February 18, 2007, the court ordered plaintiff to show cause, by March 2, 2007, why this action against the Veterans Administration should not be dismissed for her failure to respond to the notice to dismiss. Plaintiff failed to respond to the order to show cause.

II.  DISCUSSION

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. Accordingly, the court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. <u>Id</u>. at 868. With the foregoing factors in mind, the court turns to the circumstances of this case.

1)   <u>The extent of the party's personal responsibility</u>.

This clearly is not a case where a party's rights are being sacrificed because her attorney is in contempt of a court order. Plaintiff is acting <u>pro se</u> and is responsible directly

2

for the consequences of any action or inaction taken by her in this litigation.

2)      Prejudice to the adversary.

Because plaintiff seeks damages from defendant Veterans Administration, if plaintiff never prosecutes the case, the Veterans Administration indirectly prevails.  Yet, the Veterans Administration, like all parties, has a greater interest in having litigation brought to an end.  The Veterans Administration is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

3)      A history of dilatoriness.

We fail to see where plaintiff has taken any substantial action to prosecute this case against the Veterans Administration.

4)      Whether plaintiff's conduct was willful or in bad faith.

Because plaintiff failed to respond to the order to show cause, we have no indication of why plaintiff failed to respond.  We only can presume that she has abandoned the project.

5)      Alternative sanctions.

Generally, the most effective sanction that can be levied against a party or her attorney is the imposition of the costs incurred by the adversary.  However, because plaintiff is proceeding pro se and apparently unable to retain an attorney, the threat of monetary sanctions is, as a practical matter,

nonexistent. Additionally, because plaintiff is not an attorney, the court is unable to impose disciplinary action against plaintiff. Thus, the court finds that no effective alternative sanctions can be imposed on plaintiff.

6) <u>Merits of the claim</u>.

Upon review of the record as a whole, the court concludes that plaintiff's likelihood of succeeding on the merits is slight.

III.  <u>CONCLUSION</u>

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint against the Veterans Administration. Thus, the complaint against the Veterans Administration will be dismissed for plaintiff's failure to prosecute. The appropriate order follows.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE LONG,<br>          Plaintiff,<br><br>     v.<br><br>VETERANS ADMINISTRATION,<br>et al., | )<br>)<br>)<br>) Civil Action No. 06-1188<br>)<br>)<br>) |

ORDER

AND NOW, this 23rd day of April, 2007, IT IS HEREBY ORDERED that this action is DISMISSED against the Veterans Administration. The Clerk of Court is directed to mark the case closed as to that party.

BY THE COURT:

_____, J.

cc:   All Counsel of Record