IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCE LONG, )
    Plaintiff, )
     )
    v. ) Civil Action No. 06-1188
     )
COUNTRYWIDE HOME LOANS, INC., )
    Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                            July 12, 2007

        Plaintiff, acting pro se, has filed a civil complaint alleging an insurance coverage dispute. For the reasons set forth below, in accordance with Fed.R.Civ.P. 41(b), the complaint will be dismissed for plaintiff's failure to prosecute.

I. BACKGROUND

        On April 25, 2007, the court ordered plaintiff to respond to defendant's Motion for Summary Judgment on or before May 24, 2007. Plaintiff failed to respond.

On May 29, 2007, the court ordered plaintiff to show cause, by June 11, 2007, why defendant's motion should not be granted. On June 12, 2007, plaintiff responded [document #23], indicating that health issues and a change in her residence contributed to her failure to respond. In addition, plaintiff sought an extension of time, until June 26, 2007, to file her response to defendant's motion. That request was granted by our order of June 18, 2007. As of the date of this memorandum and order, plaintiff has yet to respond.

II. DISCUSSION

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. Accordingly, the court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. Id. at 868. With the foregoing factors in mind, the court turns to the circumstances of this case.

1)   <u>The extent of the party's personal responsibility</u>.

This clearly is not a case where a party's rights are being sacrificed because her attorney is in contempt of a court order. Plaintiff is acting <u>pro se</u> and is responsible directly for the consequences of any action or inaction taken by her in this litigation.

2)   <u>Prejudice to the adversary</u>.

Because plaintiff seeks damages from defendant, if plaintiff never prosecutes the case, the defendant indirectly prevails. Yet, the defendant, like all parties, has a greater interest in having litigation brought to an end. The defendant is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

3)   <u>A history of dilatoriness</u>.

We fail to see where plaintiff has taken any substantial action to prosecute this case against the defendant.

4)   <u>Whether plaintiff's conduct was willful or in bad faith</u>.

Because plaintiff failed to respond by the date she proposed in her response to our show cause order, we have no indication of why plaintiff failed to respond. We only can presume that she has abandoned the project.

5)   <u>Alternative sanctions</u>.

Generally, the most effective sanction that can be levied against a party or her attorney is the imposition of the

costs incurred by the adversary. However, because plaintiff is proceeding pro se and apparently unable to retain an attorney, the threat of monetary sanctions is, as a practical matter, nonexistent. Additionally, because plaintiff is not an attorney, the court is unable to impose disciplinary action against plaintiff. Thus, the court finds that no effective alternative sanctions can be imposed on plaintiff.

6)   Merits of the claim.

Upon review of the record as a whole, the court concludes that plaintiff's likelihood of succeeding on the merits is slight.

III.   CONCLUSION

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint for plaintiff's failure to prosecute. The appropriate order follows.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCE LONG,           )
        Plaintiff,    )
                      )
    v.                )   Civil Action No. 06-1188
                      )
COUNTRYWIDE HOME LOANS, INC.,  )
        Defendant.    )

### ORDER

AND NOW, this 12th day of July, 2007, IT IS HEREBY ORDERED that this action is DISMISSED for plaintiff's failure to prosecute. The Clerk of Court is directed to mark the case closed.

BY THE COURT:

_____, J.
      Lancaster

cc:   All Counsel of Record

5